CLERKS OFFICE U.S. DIST. COURT
AT DANVILLE, VA
FILED

MAY 5 2020

JULIA C. DUDLEY, CLERK
BY: s/ MARTHA L. HUPP
     DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
Danville Division

| | | |
|---|---|---|
| HAROLD C.,[1] | ) | |
|    Plaintiff, | ) | Civil Action No. 4:19cv00036 |
| | ) | |
| v. | ) | REPORT & RECOMMENDATION |
| | ) | |
| SOCIAL SECURITY | ) | By:  Joel C. Hoppe |
| ADMINISTRATION, | ) |       United States Magistrate Judge |
|    Defendant. | ) | |

Plaintiff Harold C. asks the Court to review the Commissioner of Social Security's final decision denying his claim for disability insurance benefits ("DIB") and supplemental security income ("SSI") under Titles II and XVI of the Social Security Act, 42 U.S.C. §§ 401–434, 1381–1383f. *See* ECF No. 2. The case is before me by referral under 28 U.S.C. § 636(b)(1)(B). ECF No. 13. I recommend that the presiding District Judge dismiss Harold's complaint without prejudice because he has failed to prosecute his case in accordance with the Court's orders and procedural rules.

I. Procedural History

This case involves Harold's third attempt since May 2013 to obtain disability benefits. *See* Administrative Record ("R.") 17, 100, 121, ECF No. 11-1. He filed the underlying claims in November 2016, alleging that he was disabled because of depression, chronic arthritis, dyspepsia (indigestion), and lumbar radiculopathy, R. 99, 106, 120, 127, 247–53, 254–61. Harold was forty-three years old, or a "younger person" under the regulations, when he allegedly became disabled in November 2011. R. 99–100, 120–21; 20 C.F.R. §§ 404.1563(c), 416.963(c). In June

---

[1] The Committee on Court Administration and Case Management of the Judicial Conference of the United States has recommended that, due to significant privacy concerns in social security cases, federal courts should refer to claimants only by their first names and last initials.

1

2018, Harold appeared without counsel and testified at a hearing before Administrative Law Judge ("ALJ") Mark O'Hara. R. 38–89. On August 13, ALJ O'Hara issued a written decision holding that Harold was not disabled after November 2011 because he still could perform several "representative light, unskilled" occupations (e.g., router, assembler, parking-lot attendant) that offered a significant number of jobs in the national economy. R. 30. The Appeals Council denied Harold's request to review that decision in a notice dated October 29, 2018. R. 7. In April 2019, Harold faxed a note to Disability Determination Services, the state agency, asking for more time to file a civil action in federal district court because he "did not get any notice" of the Appeals Council's denial. R. 4. The Appeals Council granted the extension on July 22, 2019. R. 1.

On August 29, Harold filed his Complaint and Motion for Leave to Proceed under 28 U.S.C. § 1915, ECF Nos. 1, 2, which request the Court granted, ECF No. 3. The Commissioner filed his answer, ECF No. 9, and a copy of the administrative record, ECF No. 11, on January 9, 2020. On January 14, the Court issued and mailed to Harold's address of record an order directing him to "file, within 30 days of service of a copy of the administrative record, a brief addressing why the Commissioner's decision is not supported by substantial evidence or why the decision otherwise should be reversed or the case remanded." ECF No. 12; *see* W.D. Va. Gen. R. 4(c)(1). Harold's brief was due on February 13, 2020. *See* Fed. R. Civ. P. 6(a); Order to Respond 1, ECF No. 14. That deadline passed without word from Harold.

On March 6, I issued an Order giving Harold until March 20, 2020, to either file a brief that complied with the original Briefing Notice and Local Rule 4(c)(1), or to explain in writing why his case should not be dismissed for failure to prosecute. Order to Respond 1. I also warned Harold that his failure to file an appropriate document by this extended deadline may result in this action being dismissed without further notice. *Id.* The Clerk's Office mailed a copy of the

Order to Harold's address of record, and there is no indication that he did not receive it. Staff Note of Mar. 6, 2020; *see* Fed. R. Civ. P. 5(b)(2). Harold has not filed any responsive document since he initiated this lawsuit in August 2019. *See* Staff Note of Mar. 23, 2020.

## II. Discussion

This Court has inherent authority to permanently clear its "calendar[] of cases that have remained dormant because of the inaction or dilatoriness of the parties seeking relief." *Link v. Wabash R.R. Co.*, 370 U.S. 626, 630 (1962). A plaintiff's failure to comply with a court order may also warrant involuntary dismissal of the action. *Boone v. Comm'r of Soc. Sec.*, 203 F. App'x 514, 514–15 (4th Cir. 2006) (citing Fed. R. Civ. P. 41(b)). Before dismissing Harold's case on either ground, the Court must consider: (1) Harold's degree of personal responsibility for the delay; (2) prejudice to the Commissioner; (3) whether Harold "has a 'drawn out history of deliberately proceeding in a dilatory fashion'; and (4) the existence of less drastic sanctions." *Bailey v. Edwards*, 573 F. App'x 268, 269 (4th Cir. 2014) (quoting *Doyle v. Murray*, 938 F.2d 33, 34 (4th Cir. 1991)). "Rigid application of these factors is unnecessary" where, as here, the court "provided an 'explicit and clear' warning" to Harold that his failure to comply with its orders by a date certain may result in his case being dismissed. *Id.* (quoting *Choice Hotels Int'l, Inc. v. Goodwin & Boone*, 11 F.3d 469, 471–72 (4th Cir. 1993)).

As a pro se plaintiff, Harold is personally responsible for failing to proceed with his case. *See Mitter v. Soc. Sec. Admin.*, No. 4:13cv21, 2014 WL 2442241, at *2, *5 (W.D. Va. May 30, 2014). Pro se litigants are of course entitled to some leeway in federal court, but Harold's pro se status alone cannot excuse his failure to comply with this Court's orders and procedural rules. *Id.* at *2; *see also Hansan v. Fairfax Cty. Sch. Bd.*, 405 F. App'x 793, 794 (4th Cir. 2010). Harold also has a history of proceeding in a dilatory fashion before this Court. Indeed, he has known

3

since at least January that he *must* file a brief explaining why the Court should reverse or remand the Commissioner's final decision denying his disability claims. Briefing Notice 1–2; *see* W.D. Va. Gen. R. 4(c)(1). Although I have no reason to believe that Harold's "noncompliance represents [a] bad faith and callous disregard" for the Court's rules or authority, *Hillig v. Comm'r of Internal Revenue*, 916 F.2d 171, 174 (4th Cir. 1990), the fact remains that Harold has not responded to orders directing him to file a brief by an extended deadline or explain why his case should not be dismissed for failure to prosecute, *see Robertson v. Soc. Sec. Admin.*, No. 4:13cv65, 2014 WL 4567785, at *4 (W.D. Va. Sept. 12, 2014); *Trussell v. Comm'r of Soc. Sec.*, No. 4:13cv47, 2013 WL 6979745, at *2 (E.D. Va. Dec. 13, 2013), *adopted by* 2014 WL 108787, at *1 (E.D. Va. Jan. 7, 2014). Considering the early stage of this case, I do not find that the Commissioner has suffered prejudice from Harold's failure to respond, but all the other factors weigh in favor of dismissing the action without prejudice.

### III. Conclusion

For the foregoing reasons, I respectfully recommend that the presiding District Judge **DISMISS** this action **WITHOUT PREJUDICE** because Harold has failed to prosecute his case in accordance with the Court's orders and procedural rules.

### Notice to Parties

Notice is hereby given to the parties of the provisions of 28 U.S.C. § 636(b)(1)(C):

> Within fourteen days after being served with a copy [of this Report and Recommendation], any party may serve and file written objections to such proposed findings and recommendations as provided by rules of court. A judge of the court shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made. A judge of the court may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge. The judge may also receive further evidence or recommit the matter to the magistrate judge with instructions.

Failure to file timely written objections to these proposed findings and recommendations within 14 days could waive appellate review. At the conclusion of the 14 day period, the Clerk is directed to transmit the record in this matter to the Honorable Jackson L. Kiser, Senior United States District Judge.

The Clerk shall send certified copies of this Report and Recommendation to the pro se plaintiff and counsel of record.

ENTER: May 5, 2020

*/s/ Joel C. Hoppe*

Joel C. Hoppe
United States Magistrate Judge